<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| HOOSHANG NIKOO, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil No. 18-11621 (RBK/AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NORMAN CAMERON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon (1) Plaintiffs' Counsel's Motion for Attorney Fees (Doc. 60) and (2) Joint Motion to Seal Motion for Fees (Doc. 61). For the reasons stated herein, the Motion for Attorney Fees is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Seal is **GRANTED**.

## I.      BACKGROUND

This is a personal injury action arising out of a motor vehicle accident. Plaintiffs Nancy and Dr. Hooshang Nikoo were passengers in a vehicle which was struck by a tractor trailer operated by Defendants Norman Cameron and Transservice Logistics. (Doc. 60, "Mot. for Fees" at 1.)  After engaging in significant discovery, Defendants admitted liability. (*Id.* at 2.) However, Plaintiffs continued to pursue a punitive damages claim against Defendants. (*Id.*) Plaintiffs' Counsel engaged in significant efforts to prepare information to prove that Defendants' "driver cam" was covered at the time of the accident. (*Id.*) In June 2020, the parties attended a mediation

conference in which they reached a confidential settlement. (*Id.*) The parties wish to keep the amount of the settlement confidential. (*Id.*)

## II.     LEGAL STANDARD

### A. Motion for Attorney Fees

N.J.R. 1:21-7 defines a contingent fee arrangement as an "agreement for legal services of an attorney . . . under which compensation, contingent in whole or in part upon the successful accomplishment or disposition of the subject matter of the agreement, is to be in an amount which either is fixed or is to be determined under a formula." N.J.R. 1:21-7(c) sets forth the maximum contingency fee an attorney may contract for "where a client's claim for damages is based upon the alleged tortious conduct of another[.]" The fee maximums are as follows:

> **(1)** 33 1/3% on the first $750,000 recovered;
> **(2)** 30% on the next $750,000 recovered;
> **(3)** 25% on the next $750,000 recovered;
> **(4)** 20% on the next $750,000 recovered; and
> **(5)** on all amounts recovered in excess of the above by application for reasonable fee in accordance with the provisions of paragraph (f) hereof[.]

Accordingly, under this Rule, Counsel for represented parties must apply to the court for a "reasonable fee" on a contingency fee settlement amount where the total amount of the settlement exceeds $3,000,000. *See* N.J.R. 1:21-7(c). The amount of the fee on the settlement amount exceeding $3,000,000 is to be determined by the court. *In re Estate of F.W.*, 942 A.2d 48, 56 (N.J. Super. Ct. App. Div. 2008). In making such determination, the Court is guided by the factors set forth below:

> (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> > (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> > (3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;
(5) the time limitations imposed on the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.

RPC 1.5(a).

### B.  Motion to Seal

Requests to seal are governed by New Jersey Local Civil Rule 5.3, which provides, in pertinent part, that a request to seal must be presented by motion, and that the motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available," L. Civ. R. 5.3(c)(2). It is well established that there is a "common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), but "[i]n order to overcome this presumption of a public right of access, the movant must demonstrate that 'good cause' exists for the protection of the material at issue," *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id*. (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). A motion to seal should be granted when the movant proves that the information is confidential in nature such that allowing the general public to access the information will cause a specific and serious injury, *Pansy*, 23 F.3d at 788. "Circumstances weighing against confidentiality exist" when (1) "confidentiality is being sought over information important to public health and safety;" (2) "when the sharing of information among litigants would promote fairness and efficiency;" (3) when "a party benefiting from the

order of confidentiality is a public entity or official;" and (4) "when the judicial record involves matters of legitimate public concern." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011).

## III.   DISCUSSION

### A. Motion for Attorneys' Fees

Counsel seeks this Court's approval of a 33% fee on the settlement amount that exceeds $3,000,000. Accordingly, in applying N.J.R. 1:21-7, the Court must decide whether Counsel's proposed 33% fee for amounts recovered in excess of $3,000,000 is reasonable. The Court is guided by the factors listed under Rule 1.5(a) of the N.J. Rules of Professional Conduct. *See* N.J. Ct. R. 1:21-7(e) ("In all cases contingent fees charged or collected must conform to RPC 1.5(a)."); *King v. County of Gloucester*, 483 F. Supp. 2d 396, 399 (D.N.J. 2007) (applying RPC 1.5(a) to determine a fair fee").

In applying RPC 1.5(a), courts focus on "whether 'the case presented problems which required exceptional skills beyond that normally encountered in such cases or the case was unusually time consuming.'" *See id.* at 399 (internal citation omitted). Even in the absence of novel law and appellate litigation, courts have found exceptional lawyering where the case presented significant obstacles to counsel and success appeared unlikely. *See Estate of McMahon v. Turner Corp.*, No. 05-4389, 2007 WL 2688557, at *3 (D.N.J. Sept. 7, 2007) (quoting *Matter of Reisdorf*, 80 N.J. 319, 329 (1979)) ("The New Jersey Supreme Court has also stated that '[i]t is instructive to point out that the element of uncertainty of recovery is often important in determining whether a contingent fee as ultimately charged is reasonable or excessive.'"). Courts have found exceptional lawyering in cases that have established new law, *see Buckelew v. Grossbard*, 461 A.2d 590 (N.J. Super. Ct. 1983), aff'd, 469 A.2d 518 (N.J. Super. Ct. App. Div. 1983), or "where

trial, appeal, and retrial [was] required," *see Anderson v. Conley*, 501 A.2d (N.J. Super. Ct. App. Div. 1985) (citations omitted).

Even in the absence of novel law and appellate litigation, courts find exceptional lawyering where the case presented significant obstacles to counsel and success appeared unlikely. *See Estate of McMahon*, 2007 WL 2688557, at *3 (quoting *Matter of Reisdorf*, 403 A.2d 873, 878 (N.J. 1979)) ("The New Jersey Supreme Court has also stated that '[i]t is instructive to point out that the element of uncertainty of recovery is often important in determining whether a contingent fee as ultimately charged is reasonable or excessive.'"); *King*, 483 F. Supp. 2d at 399 (no grand jury indictment of defendants and plaintiff "assailed" by the press). In each of these cases, the element of uncertainty was present, requiring exceptional skills to induce an otherwise unlikely settlement. *See Estate of McMahon*, 2007 WL 2688557, at *3; *King*, 483 F. Supp. 2d at 399–400 (same). Conversely, in *Anderson*, a New Jersey appellate court did not find exceptional lawyering where an 18-year-old plaintiff was left quadriplegic by a car accident caused by an intoxicated driver. *See* 501 A.2d at 1059. In light of the facts, the court noted that it was "the type [of case] which is ripe for settlement." *See id.* at 1066. Moreover, courts have found cases to be unexceptional when they are not unusually time consuming. *See Mitzel*, 72 F.3d at 416, 418-19 (finding two-and-a-half years of litigation and 5100 attorney hours of discovery as not unusually time consuming where case did not present problems requiring exceptional skills); *Mechin v. Carquest Corp.*, No. 2:07-cv-05824, 2011 WL 13141661, at *1 (D.N.J. June 14, 2011) (finding litigation lasting for approximately four years as not time consuming where case was not sufficiently exceptional); *cf. King*, 483 F. Supp. 2d at 399 (finding three "plus" years of litigation and 4290 hours as time consuming where wrongful death was "far from the 'run of the mill' case" and "hard-fought").

Case 1:18-cv-11621-RBK-AMD   Document 63   Filed 02/22/21   Page 6 of 8 PageID: 158

If the Court finds that a case presented exceptional lawyering, it will generally award a fee approximately at or above one-third of the excess amounts recovered. *See Estate of McMahon*, 2007 WL 2688557, at *3 (approving net recovery of 31.3% of settlement); *King*, 483 F. Supp. 2d. at 399 (approving a 33.33% fee on excess amounts above $2 million, based on the prior version of N.J. Ct. R. 1:21-7(c)). Where, however, courts have found that the case presented more typical circumstances, rather than exceptional circumstances, the excess fee will range from 20% to 25% of the excess amounts recovered. *See Mitzel*, 72 F.3d at 416–20 (affirming magistrate judge's decision to deny net recovery of 33.33% of settlement and fix fee at 20% in excess recovery).

Plaintiffs' Counsel contends that their work was exceptional because they went "beyond that work which is typically performed in an[] admitted liability motor vehicle collision matter[] and greatly increased the value of the Plaintiff's claims," which "was a critical factor in reaching a favorable settlement before trial." (Mot. at 3.) Therefore, Plaintiffs' counsel asserts that the 33% fee is appropriate. In light of the affidavits, moving papers, and a review of the litigation, the Court cannot find that Counsels' work on this case was "exceptional" within the meaning of the term under N.J. Ct. R. 1:2107(c). The Court recognizes that Counsels' efforts via discovery, accident reconstructions, and mediation ultimately resulted in a favorable settlement. Furthermore, the Court does not question Counsel's diligent and competent work which delivered excellent results for Plaintiffs. However, this is not an exceptional case, and the circumstances enumerated above where New Jersey courts have found "exceptional" work are simply not present here. The matter was no more time consuming than an average traffic accident case. The suit was filed in 2018 (*see* Doc. 1) and settled less than two years later (Doc. 58). Counsel does not contend that any obstacles existed or that success was unlikely. Rather, Defendants admitted liability. (Mot. at 2.) Moreover, there was no appeal, retrial, or even trial needed in this matter. Beyond mere run-of-the-mill

discovery and accident reconstruction efforts that are typical in such cases, Counsel cannot enumerate any actions they took to secure the favorable settlement in this case. (*See generally* Mot.)

Where Courts do not find exceptional lawyering, the awarded fees generally range from 20% to 25%, in excess of the amounts recovered under N.J. Ct. R. 1:21-7(c). As such, in light of the ordinary nature of this case, the Court finds it appropriate to award counsel 25% of the amounts recovered in excess of $3,000,000. In making this determination, the Court does not raise any doubts about the diligence and competence of counsel and recognizes that Plaintiffs are satisfied with the outcomes secured by Plaintiffs' Counsel. (*See* Docs. 60-1, 60-2.) However, this is a one-sided motion, with no opposing party, and the Court must scrutinize Counsels' application. In so scrutinizing and for all the aforementioned reasons, the Court finds that the 25% fee is appropriate. Therefore, the Court **GRANTS** the Motion for Fees, but awards 25% on the settlement in excess of $3,000,000, rather than the requested 33%.

**B. Motion to Seal**

The parties additionally ask this Court to seal the Motion for Attorneys' Fees. The Court notes that the Motion to Seal is unopposed. Both parties assert that they will be harmed if the contents of the Motion for Attorneys' Fees become public because the Motion contains specific details contained in a confidential settlement agreement. (Mot. to Seal at 1.) If the terms of the settlement agreement become public, such disclosure could potentially constitute a breach of the agreement. (*See id.*) The Court agrees and finds that good cause exists for the sealing of the motion. The Court finds that the presumption in favor of public accessibility has been rebutted. Both parties are private entities, their dispute has no impact on the safety and health of the public, and their settlement agreement demonstrates an intent to maintain confidentiality. *See LEAP Sys., Inc.*, 638

F.3d at 216. Moreover, there is no less restrictive alternative to sealing the Motion for Attorneys'

Fees because the Motion makes numerous references to the settlement award. Accordingly, based

on these findings, the Court **GRANTS** the Motion to Seal the Motion for Attorneys' Fees.

**IV.    CONCLUSION**

For the reasons contained herein, (1) the Motion for Attorneys' Fees is **GRANTED IN**

**PART AND DENIED IN PART** and (2) the Motion to Seal Motion for Attorneys' Fees is

**GRANTED**. An accompanying Order shall issue.

Dated: 2/22/2021                                                    /s/ Robert B. Kugler
                                                                   ROBERT B. KUGLER
                                                                   United States District Judge

8